UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>THEODORE JOHN NELSON, JR., and STEVEN A. NELSON,<br><br>　　　　　　Defendants. | 4:13-CR-40073-KES<br><br><br>ORDER DENYING MOTIONS FOR A HEARING, MOTION TO INTERVENE, AND MOTION TO STAY, AND DIRECTING SALE OF PROPERTY |

Under the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. § 3203(d), the United States applied for a writ of execution on real property to collect the restitution owed by defendants, Theodore John Nelson, Jr., and Steven A. Nelson (the Nelsons). Docket 302. The court issued the writ of execution. Docket 304. The Nelsons move for a hearing to quash the writ. Dockets 309, 311. Additionally, Randy Garriss moves to intervene and to stay the levy and execution of the writ. Dockets 307, 316. For the following reasons, the court denies the motions for a hearing, denies the motions to intervene and stay, and orders the United States Marshals Service to sell the property.

## BACKGROUND

On March 12, 2015, the Nelsons were convicted of conspiracy to defraud the United States, failure to file income tax returns, and impeding the Internal Revenue Service (IRS) in violation of 18 U.S.C. § 371 and 26 U.S.C. §§ 7203 and 7212(a). Dockets 72, 129. As part of their criminal sentences, the Nelsons

were ordered to make restitution to the IRS in the amount of $1,842,102.14 jointly and severally. Dockets 235, 237.

Liens were filed against property owned by the Nelsons and Prairie Hills Farms, as nominee of the Nelsons. Docket 302 at 4-5; Docket 304 at 1. On January 23, 2020, the United States applied for a writ of execution to collect on the restitution order. Docket 302. The United States sought to seize and sell agricultural property in which the Nelsons or their nominee had possession, custody, or control and in which the Nelsons had a substantial nonexempt interest. *Id.* at 3. On January 27, 2020, the court issued a writ of execution on real property. Docket 304. That same day, the Clerk of Courts issued a Clerk's Notice of Post-Judgment Execution on Real Property to Theodore John Nelson, Jr., and his nominee, Prairie Hills Farms (Docket 305) and to Steven A. Nelson and his nominee, Prairie Hills Farms (Docket 306). The writs and Clerk's Notice of Post-Judgment Execution on Real Property were served on Steven Nelson on February 11, 2020 (Docket 320-2 at 1), on Theodore Nelson on March 19, 2020 (Docket 320-2 at 2), and on Randy Garriss on April 6, 2020 (Docket 320-2 at 5).

On February 21, 2020, Randy Garriss, as a trustee of Prairie Hills Farms, filed a motion to intervene and requested a hearing. Docket 307. On February 28, 2020, Theodore Nelson filed a motion for a hearing to quash the writ of execution. Docket 309. Steven Nelson filed a similar motion on March 2, 2020. Docket 311.

On March 2, 2020, Steven Nelson also filed an answer to the United

2

States's writ and requested a jury trial. Docket 313. On March 9, 2020, Theodore Nelson filed a similar answer to the United States's writ and requested a jury trial. Docket 314. On March 16, 2020, Garriss, as a trustee of Prairie Hills Farms, filed a motion to stay the levy and execution of writ and demanded a jury trial. Docket 316. The United States opposes all the motions. Docket 319.

The United States Marshals Service executed the levy on the property on March 19, 2020, and returned the levy on April 2, 2020. Docket 318. As for service of the writ, Theodore Nelson was personally served with a copy of the writ and notice of levy on March 19, 2020. Docket 320-2 at 2. Steven Nelson was personally served on April 14, 2020, with a copy of the writ and notice of levy. Docket 321 ¶ 2; Docket 321-1. The United States also personally served a copy of the writ and notice of levy on the individuals in possession of the property subject to the writ. Docket 319 at 9. Bill and Chris Nebelsick, renters of the property, were served on March 19, 2020. Docket 320-2 at 3-4. Garriss, as trustee of Prairie Hills Farms, was served on April 6, 2020. *Id.* at 5. Chad Strand, as trustee of E & J Fund, was served on April 7, 2020. *Id.* at 6. Loren Brown, trustee of Prairie Hills Farms, has yet to be personally served by the United States Marshals Service due to the COVID-19 crisis and the stay-at-home order in place in Colorado. *See* Docket 319 at 9; Docket 324.

## DISCUSSION

### I.   Request for a Hearing to Quash the Writ of Execution

"The United States may enforce a restitution order 'in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law . . . .'" *United States v. Yielding*, 657 F.3d 722, 726 (8th Cir. 2011) (quoting 18 U.S.C. § 3613(a)). Under 28 U.S.C. § 3613, the United States may appropriately seek to collect a criminal fine or restitution through the FDCPA. *See id.*; *United States v. Coluccio*, 51 F.3d 337, 339 (2d Cir. 1995) (holding criminal fine was debt within meaning of FDCPA); *United States v. Coluccio*, 19 F.3d 1115, 1117 (6th Cir. 1994); *United States v. Quam*, 127 F. Supp. 3d 999, 1002 (D. Minn. 2015).

"The [FDCPA] provides the United States several remedies to satisfy a judgment, one of which is to obtain a writ of execution." *United States v. Duran*, 701 F.3d 912, 915 (11th Cir. 2012) (citing 28 U.S.C. §§ 3202(a), 3203). The United States may obtain a writ through application to the court. 28 U.S.C. § 3203(c)(1). A writ permits the United States to levy on "[a]ll property in which the judgment debtor has a substantial nonexempt interest . . . ." 28 U.S.C. § 3203(a). The writ procedure requires sending a notice containing specific statutory language to the debtor and current possessors of the property. *See* 28 U.S.C. §§ 3202(b)-(c), 3102(d).

First, the Nelsons argue that the writ is not enforceable because the United States does not have a civil judgment against them. Dockets 313 ¶¶ 1, 2, 7, 9, 17; Docket 314 ¶¶ 1, 2, 7, 9, 17. The Nelsons argue that the FDCPA

4

applies only to civil judgments, not criminal matters. Docket 313 ¶ 16; Docket 314 ¶ 16.

The United States does not need to have a civil judgment against the Nelsons to execute upon a restitution order in a criminal case. "[C]ourts have construed 18 U.S.C. § 3613 as expressing Congress's intent that the government be allowed to enforce a criminal judgment for fines and restitution in the criminal case giving rise to the judgment without the necessity of having to file a separate civil action." *United States v. Kieffer*, 2010 WL 2231806, at *4 (D.N.D. Apr. 28, 2010), *report and recommendation adopted,* 2010 WL 2231804 (D.N.D. May 28, 2010) (citing *United States v. Kollintzas*, 501 F.3d 796, 800-01 (7th Cir. 2007); *United States v. Mays*, 430 F.3d 963, 965-66 (9th Cir. 2005); *United States v. Scarboro*, 352 F. Supp. 2d 714, 716-17 (E.D. Va. 2005)). And as stated above, the United States may seek to collect a criminal fine or restitution through the FDCPA specifically. *See Coluccio,* 51 F.3d at 339; *Quam,* 127 F. Supp. 3d at 1002.

Second, the Nelsons argue that this court is without jurisdiction to consider the United States's application for writ. Docket 313 ¶ 6; Docket 314 ¶ 6. The Eighth Circuit has held that "a sentencing court has jurisdiction to enforce its restitution order in the criminal case." *Yielding*, 657 F.3d at 726. This court sentenced the Nelsons. Therefore, it has jurisdiction to enforce its restitution order.

Third, the Nelsons contend the allegation that Prairie Hills Farm was a nominee or alter ego of the Nelsons was "not the premise of the criminal

investigation" against them. Docket 327 at 3-4; *see also* Docket 313 ¶ 10; Docket 314 ¶ 10; Docket 312 at 1. The Nelsons argue that there is no evidence that the trusts were shams. Docket 327 at 1.

" 'Numerous federal courts have held that a conviction for federal income tax evasion, either upon a plea of guilty, or upon a jury verdict of guilt, conclusively establishes fraud in a subsequent civil tax fraud proceeding through application of the doctrine of collateral estoppel.' " *United States v. Mathis Implement, Inc.*, 405 F. Supp. 2d 1101, 1108 (D.S.D. 2005) (quoting *Gray v. Comm'r*, 708 F.2d 243, 246 (6th Cir. 1983)). If collateral estoppel prevents re-litigation of the issue of fraud in a subsequent civil action, it surely prevents re-litigation of fraud in the same criminal action. Here, the entire premise of the United States's case against the Nelsons was that Prairie Hills Farms was a nominee or alter ego of the Nelsons. *See* Docket 319 at 9-14. And at sentencing, this court found that the trusts used by the Nelsons were sham trusts. Docket 303-17.

Next, the Nelsons argue that the jury did not make special findings that the trusts were shams. Docket 313 ¶¶ 13-14; Docket 314 ¶¶ 13-14; Docket 327 at 2. But the jury did not need to make such findings. At sentencing this court stated, "I think that [the Nelsons' formation and use of the trusts] meets a traditional definition of a sham [t]rust. There's no requirement that the jury make a finding of whether a [t]rust is a sham or not. For purposes of sentencing, the [c]ourt can do that, based on a preponderance of the evidence, and I hereby make that finding." Docket 303-17.

Overall, these four arguments made by the Nelsons are not permissible objections under 28 U.S.C. § 3202(d). *See* 28 U.S.C. § 3202(d) (issues at FDCPA hearing limited to determining validity of any claim of exemption, government's compliance with statutory requirements, and validity of default judgments). Thus, based on these four arguments, the Nelsons are not entitled to a hearing. *See United States v. Smith*, 88 F. App'x 981 (8th Cir. 2004) (affirming the district court's denial of a request for hearing and objections because defendant's arguments were not permissible under § 3202(d)); *United States v. Pugh*, 75 F. App'x 546, 547 (8th Cir. 2003) (stating a hearing under § 3202(d) is not "an opportunity for [a defendant] to challenge the validity of the underlying conviction or restitution obligation.").

Lastly, the Nelsons argue that the United States did not comply "with the statutory requirements for the issuance of the writ because they did not give notice to the proper recorded owner of the property, Prairie Hills Farms, trustees Randy Garriss and Loren Brown." Dockets 309, 311. This argument is a permissible objection under 28 U.S.C. § 3202(d).

Because Prairie Hills Farms is considered an individual in possession of the property, the United States was required to serve the trust with a copy of the writ and notice of levy "in the same manner that a summons is served in a civil action . . . ." *See* 28 U.S.C. § 3102(d)(5). For service of process in a civil action, service upon a trust may be made on a trustee. *See* SDCL §§ 47-14A-9, 47-14A-10; 76 Am. Jur. 2d *Trusts* § 595 (2020). Service upon one trustee is

sufficient. *See* SDCL § 47-14A-9. Here, the United States served the trust by serving its trustee, Garriss. *See* Docket 319 at 3; Docket 320-2 at 5.

When the Nelsons objected to the writ, the United States had yet to serve Garriss. But since that time, Garriss was served with a copy of the writ and levy on April 6, 2020. Docket 320-2 at 5. After review of the notice, the court finds that it complied with the requirements of 28 U.S.C. § 3202(b), which sets forth the notice requirements in a post-judgment debt collection action under the FDCPA. Thus, because the Nelsons' sole objection was failure of service and the United States has since served Garriss with proper notice, this objection is moot.

Overall, the Nelsons are not entitled to a hearing under 28 U.S.C. § 3202(d). Four of the Nelsons' arguments are not permissible under 28 U.S.C. § 3202, and the Nelsons' statutory compliance argument is now moot because the United States properly served Garriss.

## II.   Motion to Intervene and Motion to Stay

Garriss, on behalf of Prairie Hills Farm as trustee, filed a motion to intervene and a request for a hearing. Docket 307. Additionally, Garriss, on behalf of Prairie Hills Farm as trustee, filed a motion to stay the levy and execution of writ and a demand for a jury trial. Docket 316. The United States opposes Garriss's intervention and argues that Garriss's motions should be denied because he is not an attorney and he is not allowed to represent the interests of the trust. Docket 319 at 2, 4-5.

Generally, parties are able to represent themselves pro se. *See* 28 U.S.C. § 1654. But the Eighth Circuit has held that § 1654 does not apply to those representing other legal entities. "A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States." *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987)); *see also Joshua Bldg. Trust v. Clementi*, 78 F.3d 588 (8th Cir. 1996) (unpublished table opinion) ("A non-lawyer trustee may not represent a trust pro se in federal court.").

Prairie Hills Farms is a trust. Therefore, it can only proceed in federal court when represented by a licensed attorney. The motion to intervene and motion to stay are not signed by an attorney or drafted by an attorney. The motions are signed and filed by Garriss. Dockets 307, 316. Because the motions were filed pro se on behalf of a trust, the court denies Garriss's motions to intervene and stay. *See United States v. Lylalele, Inc.*, 221 F.3d 1345 (8th Cir. 2000) (unpublished table opinion) (affirming the district court's decision to strike pleadings filed *pro se* on behalf of a corporation and a trust because those entities cannot appear in federal court without legal representation).

## CONCLUSION

The United States has jurisdiction to levy upon and sell the real property to satisfy the Nelsons' criminal judgments. Thus, it is ORDERED that:

9

1. Randy Garriss's motion to intervene (Docket 307) is denied.
2. Randy Garriss's motion to stay execution and levy (Docket 316) is denied.
3. Theodore J. Nelson, Jr.'s, motion for a hearing (Docket 309) is denied.
4. Steven A. Nelson's motion for a hearing (Docket 311) is denied.
5. The United States Marshals Service is directed to sell the property in a commercially reasonable manner.
6. Under 28 U.S.C. § 3203(h)(1)(B), the United States Marshals Service shall be authorized to deduct from the sale proceeds of the property an amount equal to the reasonable expenses incurred in making the levy of execution and, if required, for expenses in keeping and maintaining the property.
7. After the sale, the United States Marshals Service shall deposit the balance of the proceeds with the Clerk of Courts as soon as practicable, and the United States Marshals Service shall make its return of the writ of execution accounting for the expense deductions and detailing the amount of sale proceeds deposited with the Clerk of Courts from the sale of the real property.
8. If more proceeds are received from the execution sale than is necessary to satisfy the amounts owed by the judgment debtors, including expenses, penalties and interest that accrued upon the

debt, the United States Marshals Service shall pay the surplus to Theodore J. Nelson, Jr., and Steven A. Nelson in equal portions.

Dated July 16, 2020.

                        BY THE COURT:

                        */s/ Karen E. Schreier*
                        KAREN E. SCHREIER
                        UNITED STATES DISTRICT JUDGE